UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
MARK L. PARKER,

                    Plaintiff,

                                        MEMORANDUM & ORDER
          -against-                     13-CV-6065(JS)(WDW)

BJ'S WHOLESALE CLUB, INC.,

                    Defendant.
--------------------------------X
APPEARANCES:
For Plaintiff:      Mark L. Parker, pro se
                    465 Howard Avenue
                    Apt. #2-B
                    Brooklyn, NY 11233

For Defendant:      No appearances.

SEYBERT, District Judge:

          On October 29, 2013, pro se plaintiff Mark Parker
("Plaintiff") commenced the instant action against BJ's Wholesale
Club ("BJ's" or "Defendant"), asserting claims for employment
discrimination pursuant to Title VII of the Civil Rights Act of
1964 ("Title VII"), as codified 42 U.S.C. § 2000e et seq., and
claims for employment discrimination pursuant to the Age
Discrimination in Employment Act of 1967 ("ADEA"), as codified 29
U.S.C. § 621 et seq. Plaintiff's Complaint was accompanied by an
application to proceed in forma pauperis.

          Upon review of Plaintiff's declaration in support of his
application to proceed in forma pauperis, the Court finds that
Plaintiff's financial status qualifies him to commence this action
without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1).
Therefore, Plaintiff's request to proceed in forma pauperis is

GRANTED.   However,   for   the   reasons   that   follow,   Plaintiff's
Complaint is <u>sua</u> <u>sponte</u> DISMISSED IN PART pursuant to 28 U.S.C.
§§ 1915(e)(2)(b)(ii) and 1915A(b)(1).

<u>BACKGROUND</u>[1]

Plaintiff's Complaint is submitted on the Court's
employment discrimination complaint form.  Plaintiff alleges that
BJ's employed him under unequal terms and conditions of employment,
terminated his employment, and retaliated against him by firing him
four days before his raise all because of his race, color, and age.
(Compl. at 3 and 5.)

One week before Plaintiff was fired, as Plaintiff made
coffee at work, Plaintiff told an unidentified person[2] that "you
[sic] not a cowboy without a fast horse and a good cup of
coffee[.]" (Compl. at 5.)  The unidentified person "walk[ed] by 5
seconds later and [said you] also [need] a good rope[.]" (Compl. at
5.)

At 2:00 p.m. on March 1, 2013, Plaintiff arrived at work
and went to make coffee.  (Compl. at 4.)  Three minutes after
asking a manager about his 401K plan, Plaintiff was called to the
general manager's office and informed that someone had smelled
alcohol on his breath.  (Compl. at 4)  Plaintiff informed the

---

[1] All allegations in Plaintiff's Complaint are presumed to be
true for the purposes of this Memorandum and Order.

[2] It is unclear from the Complaint who this person was, but the
Complaint could be read to construe this unidentified person as
the same general manager alleged to have been involved in
Plaintiff's firing.

general manager that he had family visiting from out of town, and that he had drinks with them "on my off day I wasn['']t on the clock I had[n't] started work yet[.]"   (Compl. at 4.)   The general manager asked Plaintiff to choose between taking a drug test or being terminated, so Plaintiff opted for the drug test.  (Compl. at 4.)  Plaintiff was escorted to his car by Eric, his senior manager, who called Plaintiff a "thiller gorilla" and/or "gorilla monkey," which Plaintiff asserts were meant as "racist statement[s]." (Compl. at 5.)

Plaintiff asserts that since he "felt racism" from both the gorilla and rope remarks, he told his general manager that "with my own eyes" he had seen other employees "smoke pot on the job[,]" whereas Plaintiff consumed alcohol "not on [the] clock[.]" (Compl. at 5.)  When the results of Plaintiff's drug test showed his alcohol level to be 0.6, Eric would not allow Plaintiff to reenter the store.  (Compl. at 5.)

Plaintiff filed a charge of discrimination with the New York State Division of Human Rights ("NYSDHR") on May 22, 2013 and with the  Equal Employment Opportunity Commission ("EEOC") on March 7, 2013.  (Compl. at 4.)  He  received a Notice of Right to Sue from the EEOC dated July 31, 2013.[3]  (Compl. at 4, 6.)

---

[3] Plaintiff has annexed to his Complaint a copy of the NYSDHR's Charge of Discrimination, dated May 22, 2013, and a copy of the EEOC's Dismissal and Notice of Rights, dated July 31, 2013.

DISCUSSION

I.   Application to Proceed In Forma Pauperis

Having reviewed Plaintiff's declarations in support of his application to proceed in forma pauperis, the Court finds that he is qualified to commence this action without prepayment of the filing fees.  See 28 U.S.C. § 1915(a)(1).  Accordingly, Plaintiff's request for permission to proceed in forma pauperis is GRANTED.

II.   Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b).  The Court is required to dismiss the action as soon as it makes such a determination.  See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally.  See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).  Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.  Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009), aff'd, --- U.S. ----, 133 S. Ct. 1659, --- L. Ed. 2d ---- (Apr. 17, 2013)).

However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citations omitted). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Id., 556 at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

A.   Plaintiff's ADEA Claims

Although Plaintiff indicated on his Complaint that he was pursuing this action, in part, based on the ADEA for age discrimination (Compl. at 1, 3), Plaintiff has failed to include any allegations or information as to how his age played a factor in his disparate treatment, firing, or retaliation. As Plaintiff has provided no facts regarding his allegation of age-based discrimination, this claim must be DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief. Twombly, 550 U.S. at 555, 570; see also 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1).

B.   <u>Plaintiff's Title VII Claims</u>

Plaintiff's Title VII claims against Defendant shall proceed.  However, because, as explained below, Plaintiff may file an Amended Complaint, no summons shall be issued at this time. Rather, this case shall be stayed for forty-five (45) days so as to allow Plaintiff to file his Amended Complaint.  If Plaintiff does not timely file an Amended Complaint, the Clerk of the Court shall, at the conclusion of the stay period, issue a Summons for BJ's and forward a copy of the Summons, Complaint, and this Memorandum and Order to the United States Marshal Service for service upon Defendant.

III. <u>Leave to Replead</u>

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend the Complaint "when justice so requires."  Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'"  <u>Ruotolo v. City of N.Y.</u>, 514 F.3d 184, 191 (2d Cir. 2008) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); <u>see</u> <u>also</u> <u>Burch v. Pioneer Credit Recovery, Inc.</u>, 551 F.3d 122, 126 (2d Cir. 2008). "[W]hen addressing a <u>pro se</u> complaint, a district court should not dismiss without granting leave to amend at least once when a

liberal reading of the complaint gives any indication that a valid claim might be stated." Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (internal quotation marks and citation omitted); see also Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).

As Plaintiff may plausibly raise an ADEA claim, such claim is DISMISSED WITHOUT PREJUDICE and with leave to replead. If Plaintiff wishes to file an Amended Complaint, he must do so by February 12, 2014. The Amended Complaint must be titled "Amended Complaint" and bear the same docket number as this Memorandum and Order, No. 13-CV-6065 (JS)(WDW). Plaintiff's Amended Complaint will supercede his original Complaint. Therefore all claims and allegations Plaintiff wishes to pursue should be included in his Amended Complaint. If Plaintiff does not file an Amended Complaint, his ADEA claim will be dismissed with prejudice.

<u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's motion to proceed in forma pauperis is GRANTED, but his ADEA claim is sua sponte DISMISSED WITHOUT PREJUDICE for failure to state a claim. If Plaintiff wishes to file an Amended Complaint he must do so by February 12, 2014. If Plaintiff does not timely file an Amended Complaint, his ADEA claim against Defendant will be dismissed with prejudice.

Plaintiff's Title VII claims shall proceed. However, as Plaintiff has an opportunity to file an Amended Complaint, no summons shall issue at this time. Rather, this action shall be

stayed for forty-five (45) days, at the conclusion of which, if Plaintiff has not filed an Amended Complaint, the Clerk of the Court is directed to issue a Summons for BJ's and to forward the Summons, a copy of the Complaint, and a copy of this Memorandum and Order to the United States Marshal Service for service upon the Defendant without prepayment of the filing fee.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   January   10  , 2014
         Central Islip, New York